UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,**

        **Plaintiff,**

v.                               Case No:   6:14-cv-1730-Orl-41KRS

**KEVIN JAMES RAGAN and UNNAMED
DEFENDANT,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT** (Doc. No. 31) |
| **FILED:** | July 8, 2015 |

**I. CASE BACKGROUND.**

This dispute involves death benefits totaling $138,000.00, which have become due after the self-inflicted death of Heather Honey Desautel on June 6, 2009. Doc. No. 1 ¶¶ 9-12. At the time of her death, Desautel was eligible for coverage under a $38,000.00 basic life insurance policy and a $100,000.00 life insurance policy. *Id.* ¶ 9. She had named Kevin James Ragan as her primary beneficiary and K.R. as her contingent beneficiary. K.R. is the minor child of Desautel and Defendant Kevin James Ragan. *Id.* ¶ 3; Doc. No. 23, at 3.

Kevin James Ragan was charged with Assisting Self Murder in relation to Desautel's death, in Brevard County Case No. 05-2009-CF-052268-AXXX-XX, and he subsequently entered a plea of nolo contendere. Doc. No. 1 ¶¶ 13-14. However, on January 28, 2014, the Brevard County Court entered an Order withholding that adjudication of guilt against Kevin James Ragan. *Id.* ¶ 16.

On October 23, 2014, Plaintiff The Lincoln National Life Insurance Company ("Lincoln National") filed an interpleader complaint asserting that it is unable to determine whether Kevin James Ragan or K.R. is entitled to certain death benefits. Doc. No. 1 ¶ 22. Specifically, Plaintiff is unable to determine whether Kevin James Ragan is disqualified from receipt of death benefits pursuant to Florida Statute § 732.802, which prevents an individual who unlawfully and intentionally kills another from collecting life insurance proceeds.

On April 6, 2015, the Court appointed Richard Singer, Esq., as guardian ad litem for K.R. Doc. No. 26. The Court ordered that the reasonable fees and costs incurred by the guardian ad litem would be paid from the insurance policy proceeds. *Id.* at 3.

The parties now indicate that they have agreed to settle the dispute. Doc. No. 31. The parties agree that death benefits will be shared equally by Kevin James Ragan and K.R. Doc. No. 31 ¶ 21. They agree that K.R.'s portion of the death benefits will be reduced by the reasonable attorney's fees and costs charged by the guardian ad litem, and the remainder will be placed in an annuity or other such financial institution. *Id.* ¶¶ 21-22. The parties also agree that Kevin James Ragan and K.R., through the guardian ad litem, will provide mutual general releases as to the claims that were raised or could be raised against Lincoln National in this action. *Id.* ¶ 21. The parties filed the instant joint motion requesting that the Court approve the settlement. The motion has been referred to me for a Report and Recommendation.

**II.    APPLICABLE LAW.**

Florida law "requires court approval of any settlement after an action is commenced involving a ward." *Sullivan v. Dep't of Transp.*, 595 So. 2d 219, 220 (Fla. 2d Dist. Ct. App. 1992) (citing Fla Stat. § 744.387(3)(a)). Court approval requires a determination that the settlement "will be for the best interest of the ward." Fla. Stat. § 744.387(1); *Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 5th Dist. Ct. App. 2002). "[T]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). "[T]he purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement[,] but instead it is to protect the interest of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d Dist. Ct. App. 2013).[1]

**III. DISCUSSION.**

The parties represent that there are genuine issues of fact and law concerning whether Kevin James Ragan or K.R. is entitled to the death benefits. Doc. No. 31 ¶¶ 15-19. K.R.'s entitlement to death benefits rests on the applicability of Florida Statute § 732.802, which prevents an individual who unlawfully and intentionally kills another from collecting life insurance proceeds. The parties question whether this statute applies to the crime of assisted suicide. *Id.* ¶¶ 15-16. The parties also question whether the requisite element of intent could be established in this case. *Id.* ¶ 18. As such, if this matter proceeded to trial, it could be determined that Kevin James Ragan is entitled to the death benefits, and that K.R. is entitled to nothing. Moreover,

---

[1] The United States Court of the Appeals for the Eleventh Circuit has likened the settlement of a minor's claim to a verdict, and the court's approval of the settlement to the entry of judgment. *Reed ex rel. Reed v. United States*, 891 F.2d 878, 881-82 (11th Cir. 1990).

because the reasonable fees and costs incurred by K.R.'s guardian ad litem will be paid from the insurance policy proceeds, Doc. No. 26, at 3, protracted litigation would reduce any death benefits to which K.R. is entitled.   Finally, K.R.'s guardian ad litem believes the proposed settlement is in the best interest of K.R.   Doc. No. 31 ¶ 23.   Under these circumstances, it appears that the proposed settlement will be in the best interest of K.R.   I discern no basis for finding that the settlement would be unfair, inadequate, or unreasonable, or for finding that it is the result of collusion.

Although it appears that the settlement will be in the best interest of K.R., the parties have only summarized a proposed settlement.   They have not attached a written settlement agreement, and it does not appear that one has been executed.   In my view the better practice is to submit the written settlement agreement, including mutual releases for approval, rather than simply summarizing the terms of the agreement.   *See Meyers v. United States*, No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585 (M.D. Fla. Sept. 29, 2014) (approving settlement of a case involving a minor upon review of the parties' settlement agreement).   Without examining the settlement agreement, I cannot make a recommendation regarding whether the proposed settlement is in the best interest of the ward, or whether the mutual releases are worthy of the Court's imprimatur.

### IV.   RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT IN PART** the parties' motion and enter an order preliminarily approving the parties proposed settlement subject to a motion for final approval after a settlement agreement, including mutual

releases, is signed and submitted to the Court and the fees of the guardian ad litem are determined.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 21, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE